# PORTO RICO
# FEDERAL REPORTS.

## DOÑA MARIA ERNESTINA FILOMENA ORIZ DE BERTRAN ET AL.
*v.*
## RAMON POU Y RIOS ET AL.

1. Where the rights of encumbrancers rest solely upon a local statute, the district court of the United States, in an action to remove the encumbrances as clouds upon plaintiff's title, is bound to follow the decision of the supreme court of Porto Rico that the same are so far liens that they cannot be removed as clouds on plaintiff's title.

2. In an action to remove a cloud on the title, where the so-called cloud is found to be a valid lien, the court has no further power in the action to compel the payment of such lien by the persons conveying the land to plaintiff by a deed reciting that it was free and clear from encumbrances, but it should dismiss the bill.

JENKINS, Judge, delivered the following opinion:

Whenever the defendants are named it will include all but the Carmelite Mothers.

The bill in this action charges that the plaintiff bought of the

defendants a one-third interest in certain lands for a valuable consideration, and immediately entered into the possession of the same by a conveyance of the same by deed, and was in the quiet, peaceable, and uninterrupted possession of the same at the time of the commencement of the action.

The bill charges that the land was conveyed by the defendant by a conveyance free from mortgages or other liens, and charges that at the time of the transfer there was one 1,000 pesos censo and one 2,000 pesos censo. Thereafter averments are made tending to show that plaintiff was an innocent purchaser. The prayer is that the two pretended liens on the land of the plaintiff be decreed to be void as against the prior claim of the plaintiff, and that the plaintiff may have such other relief in the premises as the nature and circumstances of the case may require.

Thus it will be seen that the action is one to remove a cloud from the title. The learned special master reports as to the 1,000 pesos censo, that the complainant bought the land subject to the lien of the 1,000 pesos censo, and probably knew of it. Therefore the said censo should remain as a lien upon the land in favor of the Carmelite Mothers, but inasmuch as the plaintiff bought from the defendants with the definite statement from them that the land was free and clear from encumbrances, though probably both parties knew of the 1,000 pesos censo, such statement or recital made by them was in fact a guaranty that the land was free and clear from encumbrances, and they probably agreed to pay same if ever required to do so. They are now estopped from alleging against this plaintiff that she had knowledge of the liens, and took and paid for the property at a lesser price than its value, on account of said

liens. Therefore this lien of 1,000 pesos should remain as an encumbrance upon the property, but that the same should be paid and satisfied by the defendants, and that the Carmelite Mothers be ordered to accept the amount due upon the same, and to cancel said lien upon the books of the registry of property. As to the 2,000 pesos censo, that the Carmelite Mothers having failed for so many years to have their lien transferred from the old to the new books, they have been guilty of such laches and neglect that the lien of the 2,000 pesos censo should be canceled.

Unquestionably in a case of disputed facts, the findings of fact by the master have all the presumptions in their favor, but not as to the conclusions from undisputed facts, and the findings must be supported by at least some evidence. Decreeing the validity of the 1,000 pesos censo, and directing its payment, is foreign to this action. As soon as the so-called cloud is found to be a lien, the power of the court ends as far as the affirmative action is concerned. If valid, the defendant is entitled to have a decree dismissing the bill.

In actions to remove a cloud from title it is a universally recognized rule and principle of equity that the complainant must establish the invalidity of the cloud. That is the object and purpose of the action. The pretended right or title which is alleged to be a cloud upon the title of the complainant must be clearly invalid or inequitable, and the burden is on the complainant to clearly show the invalidity of defendant's title. If its invalidity is merely doubtful, it is more than a cloud, and the defendants are entitled to have it tried in an action at law. Here the master removes all question of doubt by finding that the 1,000 pesos censo is a valid and equitable lien. But the

Oriz De Bertran v. Pou y Rios.

finding prevents this court from removing the same as a cloud, and the court, as will be seen, is powerless in this action to compel payment. No such cause of action is pleaded, and no such relief is asked or could be granted under a prayer for general relief, because it cannot be meant to include a cause not pleaded. I am unable to find any evidence upon which to support either the finding or recommendations, notwithstanding it was said by the plaintiff on the argument that it was agreed, upon the hearing of the exceptions filed by defendants, that there was no question as to the master's finding of fact.

The learned special master finds and reports that the complainant bought the land subject to said lien of 1,000 pesos censo. If this finding stands, it is binding on the court, and *pro tanto* defeats the plaintiff, but in justice to all the parties I am compelled to say that, after careful examination, I am unable to find a word of evidence tending to prove that either party knew of the existence of either lien; and if the finding can stand, it will be for a want of evidence to impeach the legal effect of the contract of sale, and also the support of the supreme court of the island given the two liens.

If the complainant bought the land subject to the lien, she has no right of action or claim against anyone. She cannot look to anyone for payment of the lien,—certainly not to the defendants,—and particularly in an action to remove the same as a cloud. Therefore it is utterly unwarranted to direct the defendants to pay the amount of the 1,000 pesos censo independent of any question of contract between the complainant and the defendants in regard to the title. The difficulty of a court of equity acting equitably and intelligently will be seen by an examination of the evidence, the want of evidence, and

Oriz De Bertran v. Pou y Rios.

a consideration of the several propositions found and recommended by the master.

1. The plaintiff was put upon inquiry and bought the land subject to the said lien of 1,000 pesos censo.

2. That the plaintiff probably knew of the existence of this lien.

3. That the defendant made a definite statement that the land was free and clear of all encumbrances, which in fact amounted to a guaranty that the land was free and clear from encumbrances.

4. That the defendants should pay the 1,000 pesos censo.

5. By their deed the defendants aver, they not being bound to the warranty of title.

6. That the supreme court of the island, in suits brought for that purpose, ordered the registrar to transfer the two censos from the old books to the new as liens upon the property in question, which was done.

An extreme difficulty is presented by the want of evidence and the objections made to the consideration by the master of the so-called oral testimony taken November 14, 1908. After a most careful examination of the record, I am unable to find any evidence to sustain the finding and recommendations that the defendants are liable in this action. The liability, if any, must be found in the deed, for there is not a word *dehors* the deed upon which a liability can be fastened. As far as the complainant is concerned, the deed was never in evidence before the master or the court. In any court evidence sufficient to sustain the finding must be produced. Valuable property rights cannot be disposed of without evidence to justify it; and it is a universal rule that on exceptions to the report of a

master, no evidence will be considered which was not before the master and returned with his report. According to the record, the only oral evidence in the case is that of the plaintiff and her husband, who died shortly after testifying, taken *ex parte* November 14, 1908, before the then judge of this court, for the purpose of entering a decree *pro confesso,* and before any of the defendants had answered, and long before the grantor defendants had appeared in the action. This testimony could not be called an affidavit, deposition, or document; and nothing to show the same had been previously filed, received, or used in the cause. It is difficult to tell from the record whether the testimony taken by the judge November 14, 1908, was offered on the hearing before the master. If so, there was an apt objection to the same; but whether it was or was not offered, it makes no difference in the result. There is not one word in it that entitled plaintiff to recover, or in any manner affects either censo, or creates any liability against the defendants. Its consideration is valuable and necessary to ascertain whether or not the deed was before the master. Certainly the testimony taken November 14, 1908, was not before the master. It could not reach the master by the reference, and for no purpose would it be admissible before the master. When the same was being taken, November 14, 1908, the plaintiff offered the deed in evidence, coupled with a statement that it was not certified, but promised to procure it to be certified before it should be considered as a legal exhibit. This was not done. The deed was not received in evidence. At the trial before the master, counsel for plaintiff announced that he had no further proof to offer than that already submitted at the hearing before the judge of this court November 14, 1908; later, further announced

Oriz De Bertran v. Pou y Rios.

that inasmuch as the deeds offered in evidence at the hearing before the court in this matter were not sent to the master and may have been withdrawn by him, that he will at once furnish or cause the same to be sent to him if they are still in the possession of the court, and if they are in his own possession, having been withdrawn, that he will send them at once to the master. Whereupon the defendants offered a copy of the deed in evidence, for the purpose of showing that the property was conveyed to the complainant without the obligation on the part of the grantors to warrant the title of the property conveyed. This was a limited offer. Whether or not there is any evidence, and if so, whether sufficient to sustain a decree, is extremely important to a court of equity forced to a conclusion between the report of the master and exceptions duly taken to the report, and exceptions duly taken at the hearing before the master. Certainly the testimony taken November 14, 1908, before the judge of the court for the purpose of obtaining a default decree could not be considered as in evidence before the master, but the case does not turn upon this question. This feature of the case is developed to show the difficulty of disposing of the case. But treating the case as though the testimony taken November 14, 1908, including the deed, was before the master and is before the court, is there any evidence to warrant the court in canceling the one lien and making the defendants pay the other? Is the plaintiff in a position to attack the two liens, or either of them, except as clouds on the title? The record shows, as far as the complainant is concerned, that the only testimony is that taken November 14, 1908, which does not in a single particular benefit the plaintiff or injure the defendants. Taking the evidence of the plaintiff, and for

the present excluding consideration of the deed, there is not a word to the effect that the defendants made any statement as to the condition of the title, or any statement upon which plaintiff relied, and, while plaintiff and her husband, who acted as her agent in the transaction, both testified, neither made claim that the defendants made any statement that induced them to buy, or that the purchase was made on any representation of the defendants, or tending to prove either fraud or an estoppel, but that plaintiff relied upon an examination of the record. Hence the defendants cannot be made liable in any action unless there was actionable fraud on their part, or a liability created by the deed; and if both were found from the evidence it would not avail plaintiff anything in this action, for this is not an action for damages on the contract, or fraud in the making of the contract. And, as heretofore stated, the only claim made by the plaintiff is that the defendants conveyed the land by the conveyance free of all mortgages or other liens. This will conclusively show that if any action at all would lie, it must be an action at law on the language of the deed. In this action to remove the cloud of the two liens, the Carmelite Mothers are the only proper and necessary parties. The other defendants are improperly before the court in this action. The Carmelite Mothers have no interest or connection in the contract made between the plaintiff and defendants, parties to the deed, and the defendants who made the deed have no interest or concern as to whether or not the two liens are or are not clouds upon the title of the plaintiff. Outside of the deed there is not a word of evidence to justify the conclusion that the 1,000 pesos censo should be paid by the grantor defendants, but that lien is absolutely eliminated from the case by the finding of

Oriz De Bertran v. Pou y Rios.

the special master that the plaintiff was put upon inquiry and bought the land subject to the 1,000 pesos censo, and probably knew of it.

These views are taking a wide range because of the blending of an action to remove a cloud, a claim in effect for damages growing out of the sale of land absolutely independent of the cloud, seeming to assume that if the defendants sold plaintiff the land with the statement that the same was free and clear of all encumbrances, and it turned out that there were encumbrances on their face, and that in an action to remove them as clouds the grantor could in that action be compelled to pay that part of the cloud found to be a valid lien. In other words, an action to remove would be converted into an action for damages. This proceeding is not for a court of equity. The primary relief not having been established, the court could not retain the action for the purpose of compelling the defendants to make payment. Their liability depends upon the contract of sale, which cannot, as has been said, be considered in an action to remove a cloud in no manner connected with the sale. It is incongruous, in an action to remove a cloud, to claim that parties in no way connected with the cloud should be brought in for the purpose of making them liable in a contract in no way connected with the cloud, and which is exclusively for a court of law.

Multifariousness would be a good objection to the bill, and sufficient to warrant its dismissal, for it is fatally multifarious, both as to the parties and causes of action. If only a cloud, then the defendants are not liable, and, as stated, should not be before the court. If liens, then an action to remove a cloud cannot be maintained.

The finding and report of the special master make it neces-
sary to determine not only whether the action will lie to remove
a cloud, but whether the defendants are in any manner liable
in this action to pay the 1,000 pesos censo, keeping in mind
that the master has reported that the plaintiff bought subject to
this lien. From the record it must be conceded that, if the de-
fendants are liable in any manner or in any form of action, it
must be under the deed, and not on account of any contract
or fraud *dehors* the deed. It is true the defendants said in
the deed: The land we are selling you is free and clear of all
encumbrances. And that is all plaintiff has to rely upon. But
in the same instrument the grantor defendants said: We not
being bound to the warranty of title. Taking the statement of
the grantor defendants alone, the same does not constitute a
liability or a covenant of warranty. Covenants are clearly de-
fined and well understood, definite as to form and substance,
and must be express, and not implied. If the defendants are
liable to plaintiffs, then it must be on the deed, assuming that
the language quoted is sufficient to create a liability upon the
part of the defendants. That does not support the recommenda-
tions of the master, or in any manner make defendants liable
to pay the 1,000 pesos censo in this action; for if liable at all,
they would be liable at law on the covenants.

Further, as will more fully appear from the master's report
hereinafter quoted, this 1,000 pesos censo was declared by the
supreme court of this island to be a valid lien. Therefore in
this action to remove a cloud it cannot be interfered with or
payment compelled, if the supreme court declared the same to
be liens. But even if the court has power in this action to
decree it a valid lien and direct payment, it is difficult to under-

Oriz De Bertran v. Pou y Rios.

stand from the evidence how, without any evidence, the defendants can be decreed to pay the entire amount of the 1,000 pesos censo while having but a third interest in the land covered by this lien.

Therefore it appears clear that neither upon the law, facts, evidence, or findings of the learned special master can the defendants be made liable in this action, or can the 1,000 pesos censo be removed as a cloud, or can the defendants be compelled to pay the same, as found and recommended by the master.

There is nothing in the evidence to imply the doctrine of estoppel or invoke it. Estoppels are not created and do not arise upon such evidence as is found in this case. Not one word or act upon the part of the defendants upon which plaintiff acted or relied, and nothing precluded them from asserting all the facts in the case.

The doctrine of innocent purchasers for value is of no avail to the plaintiff as against the defendants, and cannot be applied; and certainly not to make them liable to pay the 1,000 pesos censo, or in any manner applied to them. It can only be applied, speaking generally, in favor of an innocent purchaser for value as against a person holding a deed or lien, guilty of mistake or laches in recording or not recording, or some error on his part causing loss.

There is a substantial difference, in the opinion of the master, between the character of the two censos as found and recommended; for in the 1,000 pesos censo he finds and reports it a valid lien, and that the defendants should be required to pay it, but as to the 2,000 pesos censo the master finds and recommends that the Carmelite Mothers have been guilty of such laches in not having caused their lien to be transferred

from the old books to the new for so many years, and having waited until the owners of the property had transferred the same, that they have lost their lien in regard to this 2,000 pesos censo, and the same should be canceled. A reference to what the master has to say on the subject and the law applicable will determine whether this recommendation can be approved. The master reports as follows:

"Upon receiving her deed from defendant Pou y Rios, plaintiff attempted to inscribe same in the registry of property, but the registrar denied the inscription of the deed, in accordance with article 20 of the Mortgage Law, on the ground that the ownership of the grantors had not yet been inscribed, it still remaining inscribed in the name of Ramon Pou y Buso, from whom the grantors had acquired title, and the legal formalities for the inscription in the name of the grantors had not been complied with. The registrar, however, in compliance with the law, entered a cautionary notice for the period of 120 days under the date of February 4, 1903.

"Thereafter, on July 1, 1903, the period of the cautionary notice of plaintiff's title having expired, the defendant Carmelite Mothers applied to the registrar for a transference from the books of the old anotaduria of Yabucao to the present registry of Humacao of the two censos heretofore mentioned. This transference was denied by the registrar of property, on the ground that the land having passed into the hands of a third person, or, as it is expressed in American jurisprudence, "an innocent purchaser for value without notice," and because the Carmelite Mothers had not asked for the transfer within the period of one year from the promulgation in Porto Rico of the Mortgage Law and the execution thereof, which required that

Oriz De Bertran v. Pou y Rios.

all transfers from the old books to the new should be made within the period of one year, if such transfer would affect third persons. See art. 397 of Mortgage Law.

Thereafter, Manuel Diaz Caneja, as representative of the Carmelite Mothers, in a suit against the fiscal of the district of Humacao, in the capacity of registrar of property of Humacao, to which suits these plaintiffs were not a party, applied to the court for an order that the registrar transfer from the old books to the new the said censos. The supreme court, by sentence of January 21, 1904 (see Castro, Supreme Court Reports, page 33), ordered the registrar to transfer said censos from the old books to the new, which was done, and the registrar inscribed the censos as liens upon the one third of the property in dispute, belonging to the plaintiff in this action, on the 14th day of April, 1904, and the 14th day of March, 1906, respectively, as requested in the petition filed. It is these two censos that the plaintiff is trying to have set aside in this cause.

The rights of the Carmelite Mothers rest upon a purely local statute, the true interpretation and effect whereof is to be found in the decisions of a local tribunal, not in the general principles and doctrines of commercial jurisprudence. The laws of Congress require the court to adopt as its rule of decision, in trials at common law, the law of the island of Porto Rico, except where the Constitution, treaties, or statutes of the United States otherwise require or provide, and the same rule is applied by the Supreme Court of the United States to equitable actions. The laws of Porto Rico include the law as construed and applied by the courts of Porto Rico. There is no principle of the Federal Constitution, or of any Federal law, or of general commercial law, involved in this case. Therefore

the court in this action to remove the censos or clouds upon the plaintiff's title is bound to follow the decisions of the supreme court of Porto Rico cited by the master, that the same are so far liens that in this action to remove the same as clouds, neither of them can be removed as clouds on plaintiff's title, and, by a parity of reasoning, cannot compel payment of either of them. The effect of the decision of the supreme court of Porto Rico upon the rights of any of the present parties cannot be now determined in this action, limited to removing a cloud from title, and not to removing a lien by payment or otherwise. But the supreme court of Porto Rico went far enough to make the invalidity of the claims of the Carmelite Mothers more than doubtful, and to make it impossible for the court in this action to remove either as a cloud. The right or title of the Carmelite Mothers alleged to be a cloud on the title of plaintiff must be shown by plaintiff to be clearly invalid or inequitable, before this court can remove the same as clouds. This has not been done.

If the testimony of the plaintiff and that of her husband taken November 14, 1908, before the judge, proves anything, it is that plaintiff relied upon an examination of the records as to the title of the defendants, quantity and extent of liens, not upon any statements or representations made orally by the defendants. The rights of plaintiff, if any, as an innocent purchaser for value, cannot be considered in this action; and if any there be, it will not give any right in this action against the defendants, or compel the defendants to pay the 1,000 pesos censo.

As practically said, if plaintiff has any right of action against defendants, it must be at law on the promises in the deed, what-

Oriz De Bertran v. Pou y Rios.

ever the same may be worth. An examination of the title made by plaintiff will not preclude a recovery at law on the promises in the deed, if same are actionable. While an actionable promise by defendant would sustain an action at law if breached, it would not be sufficient to compel the offending party, in an action to remove a cloud, to pay the lien causing the breach. Suppose a grantor conveys with deed containing full covenants, that he strongly represented to his grantee that the land was free and clear of all encumbrances, and afterwards a mortgage is found, an apparent lien on the land, an action is brought to remove the same as a cloud, to recover the plaintiff must allege it to be invalid, but the proofs show it to be valid. Can the plaintiff compel the grantor to pay the lien in that action? If a party, he would be an improper party, but in any event payment could not be required.

Being unable to approve of the findings and recommendations of the special master, being of the opinion that the exceptions to the report must be sustained, that the bill herein will not lie, that the complainant must be left to an action at law, I have deemed it best, on account of the importance and range of the subject and arguments of counsel, to give my views of the case for the information of counsel for the respective parties.

The decree should be drawn to show that the complainant is not entitled to have the 1,000 pesos censo adjudged to be a valid lien upon the land of plaintiff and remain as an encumbrance upon the property in favor of the Carmelite Mothers, and paid by and satisfied by the defendants named, and the Carmelite Mothers ordered to accept the amount thereof, and cancel the lien upon the books of the registry of property.

Oriz De Bertran v. Pou y Rios.

That the complainant is not entitled to have her lien of 2,000 pesos censo canceled and removed as a cloud upon the title.

That the complainant has no equity to be relieved in respect to any matter alleged in the bill or proven on the hearing, not having shown any circumstances which disclose a proper case for the interference of a court of equity.

The bill must be dismissed, with costs to the defendants, without prejudice to the plaintiff to take further legal proceedings as she may be advised.

Upon the receipt of this, the clerk of this court will, as early as possible, notify the counsel for the respective parties of the conclusion reached.